Chen v. Holder

BIA
Vomacka, IJ
A087 736 736

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fourteen.

PRESENT:
>           JOHN M. WALKER, JR.,
>           JOSÉ A. CABRANES,
>           SUSAN L. CARNEY,
>                     *Circuit Judges.*

_____

YAN QING CHEN,
>           *Petitioner,*

>           v.                                        13-4908
>                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:          Joshua E. Bardavid, New York, New York.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant Attorney General; Jennifer Lightbody, Senior Litigation

**Counsel; Nicole J. Thomas-Dorris, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Qing Chen, a native and citizen of the People's Republic of China, seeks review of a December 17, 2013, decision of the BIA, affirming the July 2, 2012 decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Qing Chen*, No. A087 736 736 (B.I.A. Dec. 17, 2013), *aff'g* No. A087 736 736 (Immig. Ct. N.Y. City July 2, 2012). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the BIA and the IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005)(per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d

2

162, 165-66 (2d Cir. 2008) (per curiam). Chen applied for relief based on past persecution on account of her religious beliefs as well as a fear of future persecution based on her continuing religious practice. However, her brief argues error only in the agency's adverse credibility determination, not its finding that she failed to carry her burden of proof. Accordingly, we limit our review to the adverse credibility determination.

For asylum applications like Chen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

In this case, substantial evidence supports the agency's adverse credibility determination. Chen's failure to tell the asylum officer of her 2007 arrest and her inconsistent explanations for that omission are material to her claim of past persecution. The agency reasonably relied on those inconsistencies in making its credibility determination, particularly given that these discrepancies

3

go to the heart of Chen's claim of past persecution. *See Zhou Yun Zhang v. I.N.S.*, 386 F.3d 66, 74-77 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007); *cf. Xiu Xia Lin*, 534 F.3d at 166-67.

Chen argues that her explanation for this omission-that she was threatened by the smuggler-was consistent throughout the proceedings. We will not second guess the IJ's conclusion that the explanations are inconsistent, given that his reading is supported by the record. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). While Chen's written statement does use the word "threat," the remainder of that statement describes the threat as the smuggler telling her she would be sent back to China if she raised the 2007 arrest because she could not document it. This explanation differs from her testimony that the smuggler threatened to harm her family if she raised the 2007 arrest. Considering the inconsistency between these explanations, the IJ was not required to credit either of them. *Id.*

Contrary to Chen's position, the agency did not err in relying on the record of the credible fear interview. A credible fear record is sufficiently reliable if it contains

a "'verbatim account or transcript'" of the alien's statements, was "'designed to elicit the details of an asylum claim,'" and contains no indication that the alien revealed information reluctantly or failed to understand the interpreter's translations. *Ming Zhang v. Holder*, 585 F.3d 715, 721 (2d Cir. 2009) (quoting *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 396 (2d Cir. 2005)). Chen's interview satisfies these requirements. It was memorialized in a typewritten document setting forth the questions asked and the answers given, thus ensuring that it accurately represents her answers to the asylum officer's questions. The fact that it may not be verbatim is insufficient on its own to find it unreliable. *Ming Zhang*, 585 F.3d at 725. Moreover, the asylum officer attempted to flesh out Chen's claim, asking her five separate times about additional encounters with police. Finally, there is no indication that Chen was confused or did not understand the interpreter's translations, and she does not contend that the record misstates or omits anything she said at the interview.

Additional inconsistencies add further support for the adverse credibility determination. At her asylum interview,

Chen repeatedly said she did not remember how she obtained the pamphlets she distributed, but in her application and testimony, she stated she was participating in an organized church activity with which she was familiar. Moreover, at her interview Chen insisted she did not remember who told her the police were searching for her, but testified that her parents told her about the police coming to their home to find her. These inconsistencies, along with Chen's initial omission of her 2007 arrest and subsequent inconsistent explanations, provide substantial evidence to support the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 163-64.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6